Jones, J.,
(dissenting.) I think this judgment should be reversed, and a new trial ordered.
The complaint was dismissed on defendant’s motion, at the close of plaintiff’s case.
The motion necessarily brought up for decision the question *44 whether the evidence tended to prove sufficient facts to establish the cause of action. The learned Judge held it did not. In this I think he erred.
It being conceded that the proof was sufficient to establish that the defendant was the owner of the wagon, I think a presumption arises from that fact that the driver was in his employ, and the burden of the proof is cast on him to overcome that presumption by showing that the driver, on that particular occasion, was in the employ and a servant of some other person. So, too, the evidence as to the negligence of those in charge of the wagon was sufficient to go to the jury.
It is true the cause of the horse running away was not shown. But the evidence shows that the wagon was in charge of two men, and one of the witnesses swears he was in his store attending to business when the wagon started; that it started right across the way from his store; that, before it started, one of the men in charge of it had come into his store to see if he wanted any pies, and had remained in his store three or four minutes before-the wagon started; that, when the wagon started, this man ran out as soon as he could, and the other man ran after the wagon, and was running close behind it (fols. 94 to 97).
Under these circumstances, it devolved on the defendant to show that the injury was accidental, and without the fault of his servants.
The principle of the case of Holbrook v. Utica and Schenectady Railroad Co. (12 N. Y., 236) is applicable.